Robert A. Sparks
1552 Noble Street
Fairbanks, Alaska 99701
(907) 451-0875
(907) 451-9385
sparkslawoffice@yahoo.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

CHARLES ESMAILKA,

    Plaintiff,

vs.

FAIRBANKS NORTH STAR BOROUGH SCHOOL DISTRICT

    Defendant.

Case No. 4:25-cv-00036-HRH

## COMPLAINT

1. Plaintiff Charles Esmailka Jr. is a resident of Alaska and was employed by Fairbanks North Star Borough School District ("FNSBSD") as a system and database administrator from 2015 until he was forced to resign or be fired on or about July 15, 2024.

2. Defendant, Fairbanks North Star Borough School District, is a municipal school district, organized under the law of the State of Alaska and located and operating in Fairbanks, Alaska.

3. Jurisdiction is proper under 28 U.S.C. § 1331 as this action arises under federal law, including (but not limited to) Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and/or other relevant federal statutes governing employment discrimination, and for retaliation and discrimination for exercise of FMLA rights under 29 U.S.C. §

CHARLES ESMAILKA v. FNSBSD
page 1

2615. Venue is proper in this Court under 28 U.S.C. § 1391 as all relevant acts and omissions occurred in Fairbanks, Alaska, within this district.

4. Plaintiff was employed by Defendant FNSBSD since 2015 as a system and database administrator.

5. Plaintiff satisfactorily performed his duties and met or exceeded legitimate employment expectations during his tenure.

6. Defendant, through its agents, subjected Plaintiff to: Unequal terms and conditions of employment, Termination / Failure to promote / Retaliation / Discrimination, Failure to accommodate disability/ unauthorized release of Plaintiff's highly confidential medical information, including, but not limited to the following actions:

a. Plaintiff suffers from asthma and resultant sleep apnea, disabilities which were known to Defendant and its management.

b. Plaintiff was approved for intermittent leave under the FMLA by Defendant commencing in or about 2020, periodically utilizing leave and arriving late when medically necessary.

c. In May 2024, Defendant's newly appointed Director of Technology publicly disparaged Plaintiff, referring to him as "lazy", specifically for utilizing intermittent FMLA leave and arriving late due to a flare-up of his medical conditions.

d. The Director's comments were made without regard to Plaintiff's documented need for accommodation under FMLA and ADA, and humiliated Plaintiff in front of the technology department staff.

e. Plaintiff promptly complained about the treatment by the new director to Defendant's Human Resources Department, and

CHARLES ESMAILKA v. FNSBSD
page 2

specifically requested acknowledgement and accommodation of his medical-related tardiness.

  f. Instead of investigating or remedying the Director's discriminatory conduct, Defendants agents engaged in a civil conspiracy by retaliating against Plaintiff and placing him on administrative leave, falsely accusing him of insubordination and assaulting a supervisor.

  g. On or about July 1, 2024, Defendant gave Plaintiff an ultimatum: be involuntarily terminated or resign. Plaintiff felt compelled to resign, effective July 15, 2024, as a result of this hostile and retaliatory action—a textbook constructive discharge.

  h. Plaintiff learned that, in addition to the above conduct, the Director of Technology and Plaintiff's direct supervisor, during the course and scope of their employment, disclosed confidential information about Plaintiff's treatment for alcoholism to staff members without Plaintiff's consent.

  i. The unauthorized release of confidential medical information, learned only through Plaintiff's employment, and dissemination of private details to co-workers constitutes a direct violation of ADA privacy provisions and FMLA confidentiality standards.

  j. Defendant and its agents perceived Plaintiff as suffering from a disability related to alcohol treatment and used these discriminatory and retaliatory reason to justify their conduct at the time they demanded Plaintiff's resignation.

  7. The discriminatory acts occurred during May 2024 through July 15, 2024, and upon information and belief, Defendant may continue to engage in conduct adverse to Plaintiff's federally

CHARLES ESMAILKA v. FNSBSD
page 3

Case 4:25-cv-00036-SLG Document 1 Filed 09/02/25 Page 3 of 8

protected rights.

8. Defendant's discriminatory conduct was based on Plaintiff's protected class, Alaska Indian, Brown color, his disability, breathing issues/Asthma and use of FMLA leave.

9. As a direct and proximate result of Defendant FNSBSD's above-described actions, Plaintiff suffered economic loss, emotional distress, past and future, medical expenses, past and future, and harm to his professional reputation.

### COUNT 1, FMLA CLAIMS

10. Plaintiff Esmailka realleges and reaffirms all prior allegations and further complains against the Defendant FNSBSD as follows:

11. Defendant's agents actions as described above constitute wilful reprisal and interference with Plaintiff's right to FMLA in violation of 29 U.S.C. § 2615.

12. As a direct and proximate result of Defendant FNSB's above-described actions, Plaintiff suffered economic loss, emotional distress, past and future, medical expenses, past and future, and harm to his professional reputation.

### COUNT 2, ADA CLAIMS

13. Plaintiff Esmailka realleges and reaffirms all prior allegations and further complains against the Defendant FNSBSD as follows:

14. Defendant's agents' unauthorized release of Plaintiff's highly confidential medical information constitutes a violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(d).

15. Defendants' agents used Plaintiff's confidential medical information to perceive that Plaintiff had an alcohol

problem, in violation of the ADA and forced him to resign from his position for this discriminatory reason.

16. As a direct and proximate result of Defendant FNSB's above-described actions, Plaintiff suffered economic loss, emotional distress, past and future, medical expenses, past and future, and harm to his professional reputation.

### COUNT 3, TITLE VII CLAIMS

17. Plaintiff Esmailka realleges and reaffirms all prior allegations and further complains against the Defendant FNSBSD as follows:

18. Defendant discriminated against Plaintiff based on his race (Alaska Native), color (Brown) and his disability (breathing/respiration/asthma) in taking the actions described above in forcing Plaintiff to resign from his position and releasing his highly confidential medical information to co-workers with no right to know that information, in retaliation against Plaintiff and based on stereotypes of Alaska Native people.

19. As a direct and proximate result of Defendant FNSB's above-described actions, Plaintiff suffered economic loss, emotional distress, past and future, medical expenses, past and future, and harm to his professional reputation.

20. Plaintiff Esmailka received the attached right to sue letter from the EEOC on June 1, 2025.

21. Pursuant to FRCP 38, Plaintiff Esmailka hereby demands a trial by jury in this case on all issues triable thereby.

**WHEREFORE**, Plaintiff Charles Esmailka, prays that judgment be entered against the Defendant Fairbanks North Star Borough

School District as follows:

1. For violation of the FMLA by Fairbanks North Star Borough School District and its agents and employees, and for wilful violation of the FMLA by Defendant and its agents and employees, by forcing the resignation of Plaintiff Esmailka due to his use of intermittant FMLA leave for his medical condition and for wilful violation of the FMLA an award of liquidated damages in an amount equal to Plaintiff's economic damages.

2. For violation of the ADA by Fairbanks North Star Borough School District and its agents and employees, by forcing the resignation of Plaintiff Esmailka - due to discrimination against him due to his disability and for unauthorized release of Plaintiff's highly confidential medical information.

3. For violation of Title VII by Fairbanks North Star Borough School District and its agents and employees, for their termination of Plaintiff Esmailka's employment motivated by his Race (Alaska Native), color (Brown) and disability (breathing/respriation/asthma) and based on stereotypes of Alaska natives.

4. For injunctive relief:

A. Ordering Defendant to remove all derogatory information and documents, including but not limited to the documents concerning Plaintiff's July 2024 resignation, and any documents created after May 1, 2024, from Plaintiff's personnel file.

B. Ordering Defendant to limit any verbal or written reports regarding Plaintiff's reason for leaving employment as "quit on mutually agreeable terms".

C. Ordering Defendant to re-employ Plaintiff in the same or

substantially similar position from which he was forced to resign and ordering the Defendant to provide all back pay and benefits to which Plaintiff is due.

3. For award to Plaintiff of compensatory damages for back-pay, past lost income, future lost income, front pay, emotional distress, past and future, medical expenses, past and future, and incidental and consequential losses.

4. For award to Plaintiff of liquidated damages for wilful violation of the FMLA.

5. For an award to Plaintiff of his reasonable costs, interest and attorney's fees as permitted by the ADA. FMLA, and Title VII of the Civil Rights Act of 1964.

6. For an award to Plaintiff of such other relief as the court deems just and equitable in the premises.

DATED this 29th day of August, 2025, at Fairbanks, Alaska.

THE LAW OFFICE OF ROBERT A. SPARKS

/s/ Robert A. Sparks
Robert A. Sparks
Attorney for Plaintiff
Charles Esmailka
AK Bar No.: 8611139



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Seattle District Office

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
(800) 669-4000
TTY (800) 669-6820
ASL Video Phone (844) 234-5122
FAX (206) 220-6911

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued on: May 28, 2025

To: Charles Esmailka
1583 Gillam Way
Fairbanks, AK 99701

Re: Charles Esmailka v. FAIRBANKS NORTH STAR BOROUGH SCHOOL DISTRICT

EEOC Charge Number: 38A-2025-00001

EEOC Representative and email: Kristine Jensen Nube
kristine.jensen@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the determination that substantial weight has been accorded to the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) received this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) Please retain this notice for your records.

On Behalf of the Commission:

Elizabeth Cannon
Seattle Field Office Director

John M Ptacin Esq.
Sedor, Wendlandt, Evans & Filippi, LLC
500 L Street Suite 500
Anchorage, AK 99501

Robert Sparks Esq.
The Law Office of Robert A. Sparks
1552 Noble Street
Fairbanks, AK 99701